NELSON MULLINS RILEY & SCARBOROUGH LLP
PHILIP R. COSGROVE, State Bar No. 92564
*phil.cosgrove@nelsonmullins.com*
RYAN E. COSGROVE, State Bar No. 277907
*ryan.cosgrove@nelsonmullins.com*
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone: 424.221.7400
Facsimile: 424.221.7499

Attorneys for Specially-Appearing
Defendant, Daimler Trucks North
America LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHIGUANG YAO and SUNA YAO, individually and as heirs of the estate of CAIYU ZHANG; YONGZHEN CHEN and WEI CHEN, individually and as heirs of the estate of LING GENG; YIQIN ZHANG and TIANYI QIU, individually and as heirs of the estate of ZHONGLIAN QIU; LIANG XU; and LIANGXIU WANG, <br><br> Plaintiffs, <br><br> v. <br><br> DAIMLER TRUCKS NORTH AMERICA, LLC., an Oregon business entity of unknown form; MOR/RYDE INTERNATIONAL, INC., MOR/RYDE INC.; FREEDMAN SEATING COMPANY; SHIELD RESTRAINT SYSTEMS, INC.; COACHWEST TRANSPORTATION INC. dba/aka COACHWEST LUXURY & PROFESSIONAL MOTORCARS, INC.; SVO GROUP INC. and DOES 2 through 50, inclusive, <br><br> Defendants. | Case No. <br><br> **SPECIALLY-APPEARING DEFENDANT DAIMLER TRUCKS NORTH AMERICA LLC'S NOTICE OF REMOVAL** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Action Filed:      September 17, 2021 |

TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, specially-appearing defendant Daimler Trucks North America LLC ("DTNA") hereby removes the action entitled *Yao, et al. v. Daimler Trucks North America LLC, et al.*, Superior Court Case Number 21STCV34426, to this Court.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, *et. seq.*, because this is a civil action between citizens of different countries and/or states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.   BACKGROUND

1.   On or about September 17, 2021, this action was commenced in the Superior Court of the State of California, County of Los Angeles, Central Division, entitled *Yao, et al. v. Daimler Trucks North America LLC, et al.*, Superior Court Case Number 21STCV34426.

2.   Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders entered in the Superior Court action, which have been made available to DTNA, are attached to this notice.

3.   DTNA is informed and believes it has not been served with copy of the Complaint yet.  A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

4.   A review of the Register of Actions of the Superior Court for the County of Los Angeles indicates that no proofs of service of the summons and complaint on any party have been filed.  DTNA is informed and believes the Complaint has not been served on any other defendant named in this action.  Pursuant to *Encompass Insurance Co. v. Stone Mansion Restaurant, Inc*., 902 F.3d 147 (3d Cir. 2018), removal based on diversity of citizenship is proper. *See also Loewen v. McDonnell*, Case No. 19-cv-00467-YGR, 2019 WL 2364413 (N.D. Cal. June 5, 2019); *Zirkin v. Shandy Media, Inc*., Case No. 2:18-cv-09207-ODW (SSx), 2019 WL 626138 (C.D. Cal. Feb. 14, 2019).

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b), as it has been filed three (3) days after it was filed in the Superior Court of Los Angeles and DTNA is informed and believes it has not yet been served.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day time period for removal runs from the date of formal service).

6.      Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because Los Angeles County is located within the Central District of California. Accordingly, the District Court for the Central District of California is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

7.      Promptly following the filing of this Notice of Removal, written notice of the removal shall be served on Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

8.      A true and correct copy of this Notice of Removal shall be promptly filed with the Los Angeles Superior Court pursuant to 28 U.S.C. § 1446(d).

9.      No previous application has been made for the relief requested herein.

## II.      REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

### A.      Complete Diversity Of Citizenship Exists Between The Parties

10.      Defendant is informed and believes that plaintiffs are now, and were at the time of filing of the Complaint, and at all intervening times, citizens of and residents of the People's Republic of China. (Complaint, ¶¶ 1-8.)

11.      DTNA is now, and was at the time of the filing of the Complaint, and at all intervening times, a limited liability company organized under the laws of Delaware with its principal place of business in the State of Oregon.  Daimler Trucks North America LLC has one sole member, Daimler Trucks & Buses US Holding, LLC, which is a Delaware limited liability company with its headquarters located in Oregon. Daimler Trucks & Buses US Holding, LLC, is a wholly-owned subsidiary of Daimler AG, which is a corporation organized and existing under the laws of the Federal Republic of Germany, with its principal place of business located in Stuttgart, State of

1   Baden-Württemberg, in the Federal Republic of Germany.

2       12.    Plaintiffs' Complaint alleges Mor/Ryde International, Inc. and Mor/Ryde
3   Inc. are Indiana Corporations.  (Complaint, ¶ 10.)

4       13.    Plaintiffs' Complaint alleges Freedman Seating Company is an Illinois
5   Corporation.  (Complaint, ¶ 11.)

6       14.    Plaintiffs' Complaint alleges Shield Restraint Systems is an Indiana
7   Corporation.  (Complaint, ¶ 12.)

8       15.    Plaintiffs' Complaint alleges Coachwest Transportation Inc. dba/aka
9   Coachwest Luxury & Professional Motorcars, Inc., which DTNA is informed and
10   believes has not been served, is a California Corporation.  (Complaint, ¶ 13.)

11       16.    Plaintiffs' Complaint alleges SVO Group Inc. is an Indiana Corporation.
12   (Complaint, ¶ 11.)

13       17.    The citizenship of the Doe defendants is disregarded for purposes of
14   determining diversity jurisdiction, as these are fictitious defendants.  28 U.S.C. §
15   1441(b) ("In determining whether a civil action is removable on the basis of the
16   jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under
17   fictitious names shall be disregarded.")

18       **B.**    **The Amount In Controversy Requirement Is Satisfied**

19       18.    Plaintiffs allege that they suffered damages as a result of an accident in
20   which they were passengers in a 2017 Freightliner bus that occurred on September 20,
21   2019. (Complaint, ¶¶ 17-22.)  The total amount of Plaintiffs' damages are presently
22   unknown but it is reasonably believed to be in excess of the minimum jurisdictional
23   limit of this Court as plaintiffs are seeking damages for both the wrongful death of three
24   decedents and personal injuries for multiple plaintiffs. (Complaint, ¶¶ 22-23; *see also*
25   Prayer for Damages.)  Specifically, Plaintiffs seek compensatory, general, and special
26   damages for their alleged injuries. (Complaint, Prayer for Damages at ¶¶ a-g.)

27       19.    It is apparent from a review of the Complaint that Plaintiffs seek an
28   amount in controversy in excess of $75,000, exclusive of costs and interest.  A

removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  When the amount in controversy is not clearly specified in the complaint, the court may consider facts in the complaint as well as in the removal petition. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002)*; Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997*); accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (stating that the Court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy.").

20.    Although DTNA denies any liability to Plaintiffs, their allegations of injury and damages plainly place more than $75,000 in controversy. Therefore, analyzing the Complaint in a light most favorable to Plaintiffs, while not admitting liability for any amount, the amount of damages alleged to be in controversy for plaintiffs exceed $75,000, exclusive of interest and costs. *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107-08 (9th Cir. 2010) ("even though the state court complaint does not specify an amount" it satisfied amount in controversy requirement by requesting damages for, among other things, wrongful death, loss of consortium, negligence and funeral, medical and burial expenses); *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (apparent from the complaint that amount in controversy met where plaintiffs asserted strict products liability and negligence claims against multiple defendants and complaint sought compensatory damages for wage loss, hospital and medical expenses, general damages, and loss of earning capacity); *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (holding that a "complaint obviously asserts a claim exceeding $75,000" where plaintiffs alleged serious medical complications from ingestion of a prescription drug); *Bailey v. J.B. Hunt Transp., Inc.*, No. 06-240, 2997

WL 764286, at *6 (E.D. Pa. Mar. 8, 2007) (finding amount in controversy requirement satisfied where complaint alleged a "litany of serious, permanent injuries," "surgeries and treatments" and "the alleged permanent impairment of [the] ability to enjoy life's activities"); *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037-38 (E.D. Mo. 2002) (despite plaintiffs' assertion that their total damages did not exceed $75,000, the court held that it was "facially apparent" that the amount in controversy was met where plaintiffs alleged that they "suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; [and] have permanent, progressive, and disabling injuries").

21. Additionally, based on these allegations and counsel's familiarity and experience in litigating automotive product liability cases, the amount in controversy in this alleged wrongful death action exceeds $75,000, exclusive of interest and costs.

22. In addition, this case is related to *Qi, et al. v. America Shengjia, Inc., et al.*, Case No. 2:20-cv-01296-GW-PVC, *Xie, et al. v. America Shengjia, et al*. Case No. 2:20-cv-01303-GW-PVC, *Jiang et al v. America Shengjia, Inc. et al*. Case No. 2:20-cv-01299-GW-PVC, which DTNA is informed and believe are also pending in this Honorable Court.

WHEREFORE, DTNA hereby removes the action now pending in the Superior Court of the State of California, County of Los Angeles, Case No. 21STCV34426, to this Honorable Court and demands a jury trial.

1

DATED:  September 20, 2021          NELSON MULLINS RILEY &
                                    SCARBOROUGH LLP

2

3

4                                   By:      /s/ *Philip R. Cosgrove*
                                             PHILIP R. COSGROVE
5                                            RYAN E. COSGROVE
6                                            Attorneys for Specially-Appearing
                                             Defendant, Daimler Trucks North America
7                                            LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL

<u>**CERTIFICATE OF SERVICE**</u>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 19191 South Vermont Avenue, Suite 900, Torrance, CA 90502. On the date set forth below, I served the within document:

**SPECIALLY-APPEARING DEFENDANT DAIMLER TRUCKS NORTH AMERICA LLC'S NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL**

☐   ELECTRONIC - by transmitting via email the document(s) listed above to the email address(es) set forth on the attached service list on this date before 5:00 p.m.

☒   MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail addressed as set forth below.

☐   OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UPS.

Daniel M. O'Leary, Esq.                                  Attorneys for Plaintiffs
LAW OFFICE OF DANIEL M. O'LEARY
2300 Westwood Boulevard, Suite 105
Los Angeles, CA 90064
Phone: 310.481.2020
Fax: 310.481.0049
Email: dan@danolearylaw.com

Jeffrey D. Eisenberg (to be admitted pro hac vice)     Attorneys for Plaintiffs
Nathan S. Morris (to be admitted pro hac vice)
EISENBERG CUTT KENDELL & OLSON
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Phone: (801) 366-9100
Emails: jeisenberg@eckolaw.com;
        nmorris@eckolaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on September 20, 2021, at Torrance, California.

Judy Carter

Case No.
NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL