# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/17/2021 03:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Daniel M. O'Leary (State Bar # 175128)
**LAW OFFICE OF DANIEL M. O'LEARY**
2300 Westwood Boulevard, Suite 105
Los Angeles, California 90064
(310) 481-2020
(310) 481-0049 (Fax)

Jeffrey D. Eisenberg (to be admitted pro hac vice)
Nathan S. Morris (to be admitted pro hac vice)
**EISENBERG CUTT KENDELL & OLSON**
215 South State Street, Suite 900
Salt Lake City, Utah 84111
(801) 366-9100
jeisenberg@eckolaw.com
nmorris@eckolaw.com

Lawyers for Plaintiff

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ZHIGUANG YAO and SUNA YAO, individually and as heirs of the estate of CAIYU ZHANG; YONGZHEN CHEN and WEI CHEN, individually and as heirs of the estate of LING GENG; YIQIN ZHANG and TIANYI QIU, individually and as heirs of the estate of ZHONGLIAN QIU; LIANG XU; and LIANGXIU WANG,<br>　　　　　　　　Plaintiff,<br>v.<br>DAIMLER TRUCKS NORTH AMERICA, LLC., an Oregon business entity of unknown form; MOR/RYDE INTERNATIONAL, INC., MOR/RYDE INC.; FREEDMAN SEATING COMPANY; SHIELD RESTRAINT SYSTEMS, INC.; COACHWEST TRANSPORTATION INC. dba/aka COACHWEST LUXURY & PROFESSIONAL MOTORCARS, INC.; SVO GROUP INC. and DOES 2 through 50, inclusive,<br>　　　　　　　　Defendants. | Case No. 21STCV34426<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## PARTIES AND JURISDICTION

1. Plaintiff Zhiguang Yao is an individual residing in the Zhejiang Province of the People's Republic of China, and was married to decedent Caiyu Zhang at all relevant times and is therefore a wrongful death heir of Caiyu Zhang pursuant to California Code of Civil Procedure § 377.60.  Mr. Yao also received personal injuries in the subject Bus Collision.

2. Plaintiff Suna Yao is the daughter of Caiyu Zhang and Zhiguang Yao and resides at all relevant times in the Zhejiang Province of the People's Republic of China.  Ms. Yao is a wrongful death heir of Caiyu Zhang pursuant to California Code of Civil Procedure § 377.60.

3. Plaintiff Yongzhen Chen is an individual residing in the Jiangsu Province of the People's Republic of China, and was married to decedent Ling Geng at all relevant times and is therefore a wrongful death heir of Ling Geng pursuant to California Code of Civil Procedure § 377.60.  Mr. Chen also received personal injuries in the subject Bus Collision.

4. Plaintiff Wei Chen is the son of Ling Geng and Yongzhen Chen resides at all relevant times in the Jiangsu Province of the People's Republic of China.  Mr. Chen is a wrongful death heir of Ling Geng pursuant to California Code of Civil Procedure § 377.60.

5. Plaintiff Yiqin Zhang is an individual residing in the Shanghai Municipality of the People's Republic of China, and was married to decedent Zhongliang Qiu at all relevant times and is therefore a wrongful death heir of Zhongliang Qiu pursuant to California Code of Civil Procedure § 377.60.  Ms. Zhang also received personal injuries in the subject Bus Collision.

6. Plaintiff Tianyi Qiu is the son of Zhongliang Qiu and Yiqin Zhang and resides at all relevant times in the Shanghai Municipality of the People's Republic of China.  Mr. Qiu is a wrongful death heir of Zhongliang Qiu pursuant to California Code of Civil Procedure § 377.60.  Mr. Qiu is also received personal injuries in the subject

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

bus collision.

7. Plaintiff Liang Xu is an individual residing at all relevant times in the Nanjing, Jiangsu Province of the People's Republic of China and received personal injuries in the subject bus collision.

8. Plaintiff Liangxiu Wang is an individual residing at all relevant times in the Nanjing, Jiangsu Province of the People's Republic of China and received personal injuries in the subject bus collision.

9. Defendant DAIMLER TRUCKS NORTH AMERICA, LLC., ("Daimler") is an Oregon corporation doing business in the State of California and designs, manufactures, and which inspects vehicles, including the subject bus at issue in this case, for wholesale and retail sales worldwide, including California, through its various distributors and in turn their retailer dealerships.

10. Defendants MOR/RYDE INTERNATIONAL, INC. and MOR/RYDE INC., are believed to be Indiana Corporations doing business in the State of California and which design, manufacture, and inspect parts for motor vehicles, including for the subject bus at issue in this case, for wholesale and retail sales worldwide, including California, through its various distributors and in turn their retailer dealerships.

11. Defendant FREEDMAN SEATING COMPANY is believed to be an Illinois Corporation doing business in the State of California and which designs, manufactures, and inspects parts for motor vehicles, including for the subject bus at issue in this case, for wholesale and retail sales worldwide, including California, through its various distributors and in turn their retailer dealerships.

12. Defendant SHIELD RESTRAINT SYSTEMS is believed to be an Indiana Corporation doing business in the State of California and which designs, manufactures, and inspects parts for motor vehicles, including for the subject bus at issue in this case, for wholesale and retail sales worldwide, including California, through its various distributors and in turn their retailer dealerships.

13. Defendants COACHWEST TRANSPORTATION INC. dba/aka

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

COACHWEST LUXURY & PROFESSIONAL MOTORCARS, INC., are California Corporations doing business in the State of California, and which designs, manufactures, distributes, deals, sells and inspects motor vehicles, including for the subject bus at issue in this case, for wholesale and retail sales worldwide, including California to America Shengjia, Inc., through its various distributors and in turn their retailer dealerships.

14. Defendant SVO GROUP INC., is believed to be an Indiana Corporation doing business in the State of California, and which distributes, deals and sells vehicles, including the subject bus, for wholesale and retail sales worldwide, including California to America Shengjia, through its various distributors and in turn their retailer dealerships.

15. The true names and/or capacities, whether individual, corporate, associate or otherwise, of the Defendants, Does 2 through 50, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs are informed and believe, and thereupon allege, that each of the Defendants fictitiously named herein as a Doe is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that said Defendants proximately caused Plaintiffs' injuries as hereinafter alleged. Plaintiffs will seek leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

16. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, Defendants, and each of them, including Does 2 through 50, inclusive, and each of them, were the agents, servants, employees and/or joint venturers of their codefendants, and were, as such, acting within the course, scope and authority of said agency, employment and/or joint venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every defendant as an agent, employee and/or joint venturer.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**GENERAL ALLEGATIONS**

17. On September 20, 2019, at approximately 11:30 a.m. Mountain Standard Time, the operator of the America Shengjia tour bus lost control of the 36-passenger bus and rolled the bus, resulting in the tragic death of four passengers and severely injuring 26 other passengers.

18. The driver of the bus was unable to stabilize the bus and keep it from overturning and rolling.

19. Several passengers were ejected from the bus as it rolled despite the fact that they were seat-belted in their seats as instructed by the America Shengjia personnel.

20. As the bus rolled, the roof did not perform in a way that it was expected and instead collapsed, causing injury to passengers as well as the partial or complete ejection of several passengers.

21. As a direct result of the Bus crash, four passengers died, including Ling Geng (68), Caiyu Zhang (62), and Zhongliang Qiu (65) (collectively **"Decedents"**).

22. As a direct result of the Bus crash, 26 other passengers suffered injuries, including serious injury suffered by Plaintiffs Yongzhen Chen (Ling Geng's husband), Yiqin Zhang (Zhonglian Qiu's wife), Tianyi Qiu (Mr. Qiu's son), Zhiguang Yao (Caiyu Zhang's husband), Liang Xu; and Liangxiu Wang (collectively **"Injured Plaintiffs"**).

23. As a direct result of the Defendants' actions, the Injured Plaintiffs, individually and as heirs of the Decedents, have incurred or will incur medical bills, lost wages, loss of earnings, loss of household services, future medical bills, future lost wages and earnings, loss of inheritance, loss of income, and other economic damages and consequential harms.

24. As a direct result of the Bus crash, Injured Plaintiffs, individually and as heirs of the Decedents, have suffered and will continue to suffer non-economic damages and losses, including but not limited to loss of care, comfort and companions, loss of society, physical and mental pain and suffering, and disfigurement, and loss of enjoyment of life and losses as set forth herein.

# FIRST CAUSE OF ACTION

### (Strict Products Liability, Negligence and Recklessness)

25. Plaintiffs are informed and believe and thereon allege that Defendants negligently, carelessly and recklessly designed, manufactured, tested, produced, assembled, inspected, maintained, modified, serviced, repaired, advertised, promoted, distributed, supplied, sold, installed, retrofitted, updated, delivered the bus, including as follows:

   a. Failing to ensure proper handling and stability of the bus;
   b. Failing to ensure proper crashworthiness of the bus;
   c. Manufacturing a bus that contained large ejection portals thru which passengers could be thrown from the bus;
   d. Failing to include proper safety devices, such as shoulder seat belts and air curtains;
   e. Manufacturing and designing the seats and restraint systems in a way that would prevent a bus passenger from being ejected;
   f. Failing to design, build, test, or otherwise manufacture the roof system and component parts, including welding joints and sidewall frames, to prevent roof crush when the vehicle overturned;
   g. Failing to warn operators and passengers on the bus regarding significant dangers of the bus, as set forth above, and other dangerous and defective conditions;
   h. Creating, manufacturing, or otherwise permitting to exist defective and unsafe conditions for the foreseeable use and purpose for which the bus and its component parts were intended; and
   i. Such other actions, inactions and defects as may be discovered.

26. Defendants, each of them, owed the Injured Plaintiffs and Decedents a duty of reasonable care which they breached as set forth above.

27. As a direct and proximate result of the conduct of all Defendants and their

breaches of the duties of care, the Injured Plaintiffs and Decedents suffered severe and permanent injuries and when the bus lost control and overturned on September 20, 2019.

28. As a direct and proximate result of the conduct of all Defendants, and each of them as foresaid, the Decedents identified above, died from injuries caused by the bus losing control and overturning on September 20, 2019.

29. Defendants, and each of them, knew the great likelihood of death and/or serious injury in rollover accident. Despite this knowledge, Defendants, and each of them, knowingly failed to equip the bus, with adequate safety devices.

30. Defendants' officers, directors, managing agents authorized and ratified the decision to forego these key safety devices in conscious disregard of the safety of others, including Injured Plaintiffs and Decedents.

31. At all times herein mentioned, it was reasonably foreseeable to all Defendants, and each of them, that their negligent, reckless and unlawful breach of the aforementioned duties and obligations presented an obvious risk to the occupants of the bus, including Injured Plaintiffs and Decedents, which resulted in serious injury and death.

32. The Decedents identified above, died as a direct and proximate result of the carelessness, negligence and unlawful conduct of the Defendants.

33. By reason of said deaths by Decedents, the Injured Plaintiffs identified above have incurred funeral and burial expenses in memory of and for Decedents in such amounts as will be proven at trial.

34. By reason of the death of the Decedents identified above, the Decedents' power to earn money and to accumulate wealth and property has been destroyed and Injured Plaintiffs have therefore been permanently deprived of this and of the care, love, companionship, comfort, services, society, affection, instruction, advice, training, guidance, protection, counsel, support, contributions, inheritance and right of inheritance of Decedents, all to said Plaintiffs' damages in amounts in excess of the minimum subject matter jurisdiction of this court.

35. As a direct and proximate result of the negligence, carelessness and violations of law by the Defendants, and each of them, the Injured Plaintiffs were injured in health, strength and activity, sustaining injury to body, and shock and injury to nervous system, all of which have caused and continue to cause said Plaintiffs great mental, physical and nervous pain and suffering. Injured Plaintiffs are informed and believe and thereon allege that said injuries have and will result in some permanent disability, all to their general damage in a sum in excess of the subject matter jurisdiction of this Court.

36. As a further direct and proximate result of the negligence carelessness and violation of law by the Defendants, and each of them, the Injured Plaintiffs were compelled to and did employ the services of physicians, surgeons, and other medical personnel, and Injured Plaintiffs were compelled to and did incur other incidental expenses related to the care and treatment of said injuries. Injured Plaintiffs are informed and believe and thereupon allege that they will be compelled to seek further treatment in the future for the care of said injuries and to incur further reasonable expenses for the same. Plaintiffs will give proof of both past and future claimed medical expenses at the time of trial.

37. The wrongful conduct of these Defendants, and each of them, involved more than just inadvertence, error of judgement, or negligence. Rather, Defendants' conduct was despicable and was done with a willful and knowing disregard for the safety of others such as Injured Plaintiffs and Decedents herein.

38. In doing these acts herein allege, Defendants acted willfully, wantonly, with oppression, fraud, and/or malice and with a conscious disregard of the rights and safety of others such that Injured Plaintiffs request that the trier of fact, in the exercise of its sound discretion, award them additional damages for the sake of example and sufficient to punish Defendants for their despicable conduct, in an amount reasonable related to Injured Plaintiffs' actual damages, yet sufficiently large enough to be an example to others and to deter Defendants and others from engaging in similar conduct in the future.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand that this Court enter judgment in favor of Plaintiffs as follows:

a. For economic damages suffered by the heirs of the Decedents in an amount to be determined at trial, including but not limited to the loss of financial support, loss of inheritance, the loss of gifts and benefits, funeral and burial expenses, household services;

b. For non-economic damages suffered by the heirs of the Decedents in an amount to be determined at trial, including but not limited to the loss of Decedents' love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, and intimate relations;

c. For economic damages suffered by the Injured Plaintiffs in an amount to be determined at trial, including but not limited to the payment of medical expenses, lost past and future income and earnings, loss of household services, and other foreseeable economic losses;

d. For non-economic damages suffered by the Injured Plaintiffs in an amount to be determined at trial, including but not limited to past and future pain and suffering and loss of enjoyment of life;

e. For other out-of-pocket, incidental and consequential damages;

f. For litigation expenses, costs, interest and attorney fees to the extent allowed by law or otherwise permitted by this Court;

g. For such other relief as the court deems appropriate.

Date: September 17, 2021            Law Office of Daniel M. O'Leary

By: _____
Daniel O'Leary
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

Date:  September 17, 2021          Law Office of Daniel M. O'Leary

                                   By:  _____
                                   Daniel O'Leary
                                   Attorneys for Plaintiff